[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12802
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cr-00062-MW-CAS-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN MINK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 23, 2014)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Stephen Mink appeals his total 160-month sentence after pleading guilty to

conspiring to distribute 100 kilograms of marijuana, in violation of 21 U.S.C.

§§ 846, 841(a)(1), (b)(1)(A)(viii); possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Seven codefendants were indicted with Mink on the conspiracy to distribute marijuana charges, and two related indictments were also filed, one with four codefendants and one against a single defendant.

On appeal, Mink argues that the district court erred in imposing an obstruction of justice enhancement, pursuant to U.S.S.G. § 3C1.1, based on a call he placed from prison in which he identified a confidential informant who had bought drugs from Mink and who was a defendant in one of the related indictments.  Mink argues that the enhancement does not apply because he did not intend to obstruct justice in his "instant offense of conviction."  He also argues that he should have been credited a reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, even if we uphold the obstruction-of-justice enhancement.

In reviewing the district court's imposition of an enhancement for obstruction of justice, we review "the district court's factual findings for clear error and review the application of the factual findings to the sentencing guidelines *de novo*."  *United States v. Doe*, 661 F.3d 550, 556 (11th Cir. 2011).  We "review the district court's determination of acceptance of responsibility only for clear error."  *United States v. Amedeo*, 370 F.3d 1305, 1320 (11th Cir. 2004).  We will not

2

disturb a district court's factual findings under the clearly erroneous standard unless we are left with the "definite and firm conviction that a mistake has been made." *Doyal v. Marsh*, 77 F.2d 1526, 1533 (11th Cir. 1985); *see Amedeo*, 370 F.3d at 1320.

Pursuant to U.S.S.G. § 3C1.1, a defendant's offense level will be increased by two levels if

> (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense.

U.S.S.G. § 3C1.1.  An example of conduct deemed "obstructive" under § 3C1.1 is attempting to threaten or intimidate a codefendant or witness.  *Id.* § 3C1.1 comment. (n.4(A)).

Prior to November 1998, § 3C1.1 applied an enhancement if a defendant obstructed justice "during" the investigation, prosecution, or sentencing of the "instant offense."  U.S.S.G. § 3C1.1 (1997).  In 1998, Amendment 581 amended § 3C1.1 to apply the enhancement if a defendant obstructed justice "during the course of" the investigation, prosecution, or sentencing of the "instant offense of conviction," and also added the second part to the guideline that required the obstructive conduct relate to either (A) the defendant's own offense of conviction and any relevant conduct, or (B) a closely related offense.  *See* U.S.S.G. § 3C1.1

(1998); U.S.S.G. App. C, amend. 581 (2013). The stated purpose of Amendment 581 was to clarify the term "instant offense" and resolve a circuit split as to whether the adjustment applied to obstructions occurring in cases closely related to a defendant's case or just to those obstructions that specifically related to the offense for which the defendant was convicted. *See* U.S.S.G. App. C., amend. 581. Amendment 581 adopted the majority view that the obstruction must relate "either to the defendant's offense of conviction or to a closely related case," and further clarified the temporal element of § 3C1.1, namely that the obstruction must occur during the investigation, prosecution, or sentencing of the defendant's offense of conviction. *See id.* Thus, the obstruction must have occurred during the prosecution of the defendant's instant offense, but it could relate either to that case or a closely related case. *See id.*

In 2006, § 3C1.1 was amended to its current version to apply the enhancement if the defendant obstructed justice "with respect to" (not "during the course of") the investigation, prosecution, or sentencing of the instant offense of conviction. *See* U.S.S.G. § 3C1.1 (2006); U.S.S.G. App. C., amend. 693 (2013). Amendment 693 addressed a circuit split regarding whether pre-investigatory conduct could trigger the enhancement, and adopted the majority view that pre-investigatory obstruction came within § 3C1.1 if it was purposefully calculated and likely to thwart the investigation or prosecution of the offense of conviction. *See*

4

U.S.S.G. App. C., amend. 693; *see also Amedeo*, 370 F.3d 1305. In interpreting § 3C1.1, under the current Guidelines, this Court has stated that the "'relevant question is whether the obstructive conduct occurred during the investigation, prosecution, or sentencing' of the offense of conviction or a closely related offense." *Doe*, 661 F.3d at 566 (quoting *United States v. Campa*, 529 F.3d 980, 1016 (11th Cir. 2008)).

Under U.S.S.G. § 3E1.1, the district court will decrease a defendant's offense level by two if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Upon the government's motion and assertion that the defendant assisted in the investigation or prosecution of his own misconduct by timely pleading guilty, the district court shall decrease the offense level by one additional level. *Id.* § 3E1.1(b); *see id.* § 3E1.1, comment. (n.6). However, while a defendant's guilty plea before trial and admission of the conduct comprising the offense of the conviction will constitute "significant evidence" of acceptance of responsibility, "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility," and a defendant who pleads guilty is not entitled to an adjustment under § 3E1.1 as a matter of right. *Id.* § 3E1.1, comment. (n.3). Conduct resulting in an enhancement under § 3C1.1 for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." *Id.* § 3E1.1, comment. (n.4). The

commentary states that there "may" be "extraordinary cases" in which adjustments under both § 3C1.1 and § 3E1.1 would apply. *Id.* Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the district court's determination on this issue is "entitled to great deference." *Id.* § 3E1.1, comment. (n.5).

Here, Mink does not actually challenge the fact that he made a phone call from prison identifying a confidential informant. The district court concluded that Mink's call demonstrated a "clear intent" to intimidate the confidential informant, conduct that would fit within § 3C1.1. This finding is not clearly erroneous, as it is supported by the testimony of a Drug Enforcement Agency special agent at the sentencing hearing. *See Doyal*, 77 F.2d at 1533. Accordingly, the question that remains before us is whether Mink's conduct obstructed justice as contemplated by the Sentencing Guidelines.

First, Mink's obstruction occurred during the investigation, prosecution, or sentencing of his instant offense because the phone calls were placed prior to his sentencing. *See Doe*, 661 F.3d at 566. That satisfies the "with respect to . . . the instant offense of conviction" language of the current § 3C1.1, which seems to include the "during the course of" language that was added by Amendment 581, and is in fact broader to also include certain pre-investigation conduct within § 3C1.1. *See* U.S.S.G. App. 3, amend. 693 (explaining that the purpose of the

6

amendment was to expand § 3C1.1). Accordingly, the district court properly applied the § 3C1.1 enhancement so long as Mink's obstructive conduct related either to his offense of conviction or to a closely related case. *See* U.S.S.G. § 3C1.1.

Mink's and the confidential informant's offenses are closely related. *See Doe*, 661 F.3d at 556. The confidential informant's and Mink cases were charged on the same day and in consecutive case numbers, both Mink and the confidential informant purchased marijuana from the same codefendants, and the confidential informant also admitted to purchasing drugs from Mink. Additionally, the record indicates that, at the time of Mink's call, proceedings were ongoing as to all of his seven codefendants. On the related indictments, proceedings were ongoing for three out of the five defendants, including the confidential informant. Thus, Mink's outing of the confidential informant, with the intent to intimidate, affected his case and both related cases, and qualified as obstruction of justice under § 3C1.1. Accordingly, the district court did not err by applying the enhancement.

Because the district court did not err by applying § 3C1.1, Mink is entitled to an acceptance of responsibility adjustment only if his circumstances represent an "extraordinary case." *See Amedeo*, 370 F.3d at 1321. The district court's conclusion that Mink's outing of a confidential informant, coupled with his conduct, attitude, and lack of cooperation throughout the proceedings, all showed

that he had not clearly accepted personal responsibility for his criminal offense, is not clearly erroneous.  Mink has not shown that the district court clearly erred in not finding this to be an extraordinary case where he merited both a § 3C1.1 and § 3E1.1 adjustment.

   **AFFIRMED.**